UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| HERBERT JOHNSON, | Case No. 2:22-cv-03559-JAK-JDE |
| Petitioner, | |
| v. | ORDER SUMMARILY DISMISSING PETITION |
| WARDEN R. J. DONOVAN, | |
| Respondent. | |

On May 23, 2022, Petitioner Herbert Johnson ("Petitioner"), a California state prisoner, proceeding pro se and without paying the required filing fee or seeking leave to proceed in forma pauperis, filed a "Petition for Writ of Habeas Corpus" using a state court form, challenging various conditions of his confinement while incarcerated at Richard J. Donovan Correctional Facility ("RJD"). Dkt. 1 ("Petition" or "Pet."),

Pursuant to Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), the Court is required to review the Petition and, if it plainly appears from the Petition and any attached exhibits that the Petitioner is not entitled to relief, the Court must dismiss the Petition.

For the reasons set forth below, as it plainly appears from the Petition that Petitioner is not entitled to relief, the Court dismisses the Petition.

# I.

## PETITIONER'S GROUNDS FOR RELIEF

Petitioner asserts multiple grounds for relief. First, he appears to allege he filed a state writ of habeas corpus against RJD because "[a]ll mail block[ed] to [San] Diego courts." Pet. at 3. Second, Petitioner alleges he received two stimulus checks that were posted to his prison trust account, but staff at RJD deducted money from these stimulus payments even though they are exempt from "an obligation imposed on others." Id. Third, he vaguely alleges that he was "beaten 2x by RJD, place[d] in kitchen job were weed and cell phones, written up for not going 5x[;] damn hernia operation." Id. at 4.

# II.

## DISCUSSION

"Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act . . . 42 U.S.C. § 1983." Muhammad v. Close, 540 U.S. 749, 750 (2004) (per curiam). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action." Id. (internal citation omitted). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). The "core of habeas corpus" is an attack on "the fact or duration of his confinement," in which a prisoner "seeks either immediate release from that confinement or the shortening of its duration." Id. at 489. In the Ninth Circuit, "if a state prisoner's claim does not lie at 'the core of habeas corpus,' it may not be brought in habeas corpus but must be brought, 'if at all,' under § 1983." Nettles v. Grounds, 830 F.3d 922, 934 (9th Cir. 2016) (en banc) (quoting Preiser, 411

2

U.S. at 487; <u>Skinner v. Switzer</u>, 562 U.S. 521, 535 n.13 (2011)). Therefore, if success on Petitioner's claims "would not necessarily lead to his immediate or earlier release from confinement," his claims do not fall within "the core of habeas corpus," and he must instead bring his claims under Section 1983. <u>Id.</u> at 935 (quoting <u>Skinner</u>, 562 U.S. at 535 n.13).

Here, all of Petitioner's claims implicate conditions of his confinement. Success on these claims would not result in an immediate or speedier release from custody. As such, these claims do not fall within "the core of habeas corpus" and Petitioner must instead pursue these claims, if at all, in a Section 1983 action. <u>See</u> <u>Nettles</u>, 830 F.3d at 933 (explaining that "prisoners may not challenge mere conditions of confinement in habeas corpus"); <u>see also</u> <u>Nelson v. "SB" of Or. State Hosp.</u>, 744 F. App'x 451, 452 (9th Cir. 2018) (claims regarding interference with mail did not fall within the core of habeas corpus); <u>Pokras v. Lancaster State Prison</u>, 2021 WL 425985, at *2 (C.D. Cal. Feb. 8, 2021) (claim based on restitution fine, whether challenging the fine itself or its enforcement, does not lie at the core of habeas corpus); <u>Chester v. Carr</u>, 2018 WL 5862823, at *7-8 (C.D. Cal. July 10, 2018) (claim regarding interference with mail was not cognizable on federal habeas review); <u>Olic v. HDSP Warden</u>, 2018 WL 1620896, at *3 (C.D. Cal. Mar. 1, 2018) (claim of excessive force was not cognizable on federal habeas review), <u>report and recommendation accepted by</u> 2018 WL 1620907 (C.D. Cal. Mar. 29, 2018).

Additionally, although the Ninth Circuit in <u>Nettles</u> recognized that a district court may construe a habeas petition to plead a civil rights claim after notifying the prisoner and obtaining his informed consent, 830 F.3d at 935-36, converting the Petition into a federal civil rights action is not appropriate in this case. First, prisoner civil rights actions are subject to different requirements (and higher filing fees) than are federal habeas proceedings. One district court has found that Petitioner suffered three or more "strikes" within the meaning

of 28 U.S.C. § 1915(g) and must therefore meet certain conditions before he may proceed in forma pauperis. See Johnson v. Paramo, et al., Case No. 3:16-cv-00723-BEN-RBB (S.D. Cal. 2016), Dkt. 5. As the fee for filing a habeas action in this district is $5, compared to the $400 civil and administrative filing fees for a civil action, Petitioner may have intentionally filed this action as a habeas petition to avoid the higher fee. Second, the Petition is not amenable to conversion as it does not name the proper defendants. See Nettles, 830 F.3d at 936 (in order to be converted, petition must be "'amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief.'"). Third, venue over any such civil rights action would not properly lie in this district as all the alleged events took place in the Southern District of California, where RJD is located. See 28 U.S.C. § 1391(b); Fiorito v. Entzel, 829 F. App'x 192, 194 (9th Cir. 2020) (wrong venue is a valid and reasonable basis for declining to convert a habeas petition).

## III.

## ORDER

IT IS THEREFORE ORDERED THAT, pursuant to Habeas Rule 4, this action be summarily dismissed without prejudice and judgment be entered accordingly.

Dated:  June 23, 2022

_____
JOHN A. KRONSTADT
United States District Judge

Presented By:

_____
JOHN D. EARLY
United States Magistrate Judge

4